1  Noelle E. Dwarzski, WSBA No. 40041
   McKENZIE ROTHWELL BARLOW
2     & COUGHRAN, P.S.
   1325 Fourth Ave Suite 910
3  Seattle, WA  98101
   Telephone: (206) 224-9900
4  Facsimile: (206) 224-9820
   E-mail: noelled@mrbclaw.com
5

6

7                  UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF WASHINGTON
8                          AT SEATTLE

9

10  BOARDS OF TRUSTEES OF THE
    SEATTLE AREA PLUMBING &
    PIPEFITTING INDUSTRY HEALTH &
11  WELFARE TRUST, SEATTLE AREA
    PLUMBING & PIPEFITTING INDUSTRY       NO.
12  JOURNEYMEN AND APPRENTICE
    TRAINING TRUST, WESTERN               COMPLAINT FOR BREACH OF
13  WASHINGTON U.A. SUPPLEMENTAL          COLLECTIVE BARGAINING
    PENSION PLAN, WASHINGTON STATE        AGREEMENT AND DELINQUENT
14  PLUMBING & PIPEFITTING INDUSTRY       CONTRIBUTIONS (ERISA)
    PENSION PLAN, PLUMBERS &
15  PIPEFITTERS INTERNATIONAL
    TRAINING FUND, and PLUMBERS &
16  PIPEFITTERS NATIONAL PENSION
    FUND (hereafter referred to as the "Trusts"),
17                  Plaintiff,

18        v.

19  BIGFOOT PLUMBING, LLC, a
    Washington limited liability company,
20  Contractor's License No. BIGFOPL911C4,
    UBI No. 602901049; and DAYTON
21  MATTHEW DENNISON and JANE DOE
    DENNISON, marital community,
22
                  Defendants.

COMPLAINT– 1

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3400 423 tj051204

For their complaint, the plaintiffs allege as follows:

## I. PARTIES, JURISDICTION & VENUE

1.      The Seattle Area Plumbing and Pipefitting Industry Health and Welfare Trust (the "Seattle Area Health and Welfare Trust") is a trust fund created pursuant to §302(c) of the Labor Management Relations Act of 1947 on February 23, 1954, and subsequently amended, for the purpose of providing eligible employees, dependents, and beneficiaries with healthcare and related benefits. It maintains a principal office in Bothell, King County, Washington.

2.      The Seattle Area Plumbing & Pipefitting Industry Journeymen and Apprentice Training Trust (the "Training Trust") is a trust fund created for the purpose of providing education benefits to eligible employees. It maintains its principal and administrative offices in Bothell, King County, Washington.

3.      The Western Washington U.A. Supplemental Pension Plan and Washington State Plumbing & Pipefitting Industry Pension Plan (the "Pension Plans") are trust funds created for the purpose of providing benefits for the support of eligible employees after retirement and/or their beneficiaries pursuant to a defined contribution plan and pension plan, respectively. They maintain their principal and administration offices in Bothell, King County, Washington.

4.      The International Training Fund (the "ITF") is a trust fund created for the purpose of providing education benefits to eligible employees. It maintains its principal and administrative offices in Alexandria, Virginia, but the contributions owed by employers working in the State of Washington are sent to the administration offices in Bothell, King

COMPLAINT– 2

McKenzie ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3400 423 tj051204

1    County, Washington.

2        5.      The Plumbers & Pipefitters National Pension Fund (the "NPF") is a Taft-

3    Hartley pension plan established for the purpose of providing eligible members and retirees

4    with pension benefits. It maintains its principal and administrative offices in Alexandria,

5    Virginia, but the contributions owed by employers working in the State of Washington are

6    sent to the administration offices in Bothell, King County, Washington.

7        6.      The Trust Funds listed above are commonly known as the Seattle Area

8    Plumbing & Pipefitting Trust Funds (or the "Trust Funds").  The Trust Funds are joint labor-

9    management trust funds created under Section 302(c) of the Labor Management Relations Act

10   ("the Act"), 29 U.S.C. § 186(c) and the Employee Retirement Income Security Act of 1974

11   (ERISA), 29 U.S.C. §1001, *et seq.* as amended.

12       7.      The Plaintiffs are the Boards of Trustees of the Trust Funds. The Boards of

13   Trustees of the Trust Funds are governing bodies and the fiduciaries of the Trust Funds as

14   defined by ERISA §402(a)(1), 29 U.S.C. § 1102(a)(1).

15       8.      Bigfoot Plumbing, LLC (hereafter "Bigfoot"), a Washington State limited

16   liability company, is engaged in business within the jurisdiction of the court, and such

17   business affects commerce within the meaning of Section 301(a) of the Act.

18       9.      Bigfoot's business office is located at 815 Industry Drive, Tukwila,

19   Washington, 98188.

20       10.     Defendant Dayton Matthew Dennison is "President" and the registered agent

21   for Bigfoot.

22

COMPLAINT– 3

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3400 423 tj051204

11.     Mr. Dennison and the marital community composed of Mr. Dennison and Jane Doe Dennison are Washington residents (collectively referred to as "Dennisons").

12.     ERISA §3(21)(A) includes in the definition of a fiduciary anyone who "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. 1002(21)(A).

13.     The definition of "plan assets" includes "amounts that a participant has withheld from his wages by an employer, for contribution to the plan, as of the earliest date on which such contributions can be reasonably segregated from the employer's general assets." 29 CFR §2510.3-102.

14.     ERISA §409, 29 U.S.C. 1109, provides that suit may be brought for breach of fiduciary duty and the fiduciary shall be personally liable for any breach.

15.     At all times material to this proceeding, Defendants Bigfoot and the Dennisons withheld employee-side wages from Bigfoot's employees' paychecks.   The Court has jurisdiction over these claims pursuant to ERISA §409, 29 U.S.C. § 1109, and ERISA § § 502 and 515, 29 USC § § 1132 and 1145.

16.     Jurisdiction over all ERISA claims and venue are conferred on this court by the Trust Agreements and Section 502 of ERISA, 29 U.S.C. §1132.

17.     Because Plaintiffs' state law claims against Defendants Bigfoot and the Dennisons arise out of a common nucleus of operative facts, this Court also has supplemental jurisdiction over the Plaintiffs' state law claims against these Defendants pursuant to 28 U.S.C. § 1367.

COMPLAINT– 4

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3400 423 tj051204

## II. FACTS

18.     On November 9, 2017, Dayton M. Dennison ("Matt Dennison", identifying himself as President of Bigfoot), executed a Compliance Agreement with the Plumbing and Pipefitting Industry for the Jurisdictional Area of United Association Local 32 ("Local 32"). *See* Exhibit A.

19.     By signing the Compliance Agreement, Bigfoot agreed to be subject to the Labor/Management Agreement between Local 32 and the Mechanical Contractors Association Western Washington ("Agreement").

20.     Under the terms of the Agreement, Bigfoot agreed to pay monthly fringe benefits to the Trust Funds for each hour of covered work performed by its employees.  The amount per hour and the basis for the contributions (i.e. per hour worked or per hour compensated) are set forth in the Agreement.

21.     The Trust Funds are third party beneficiaries under the terms of the Labor Agreement.

22.     Pursuant to the terms of the Agreement, Bigfoot agreed to pay all fringe benefit contributions to the designated administration offices.  The administration offices collect the fringe benefit contributions and other amounts specified in the Agreement.

23.     Bigfoot is required to provide its monthly reports and contributions payments to the administration offices no later than the 15th of each month (or 18th of the month if hand delivered by noon on the 18th) following the month in which the hours were worked.  Bigfoot also agreed to pay the Trust Funds liquidated damages, interest, attorney fees, and costs of collection in the event it became delinquent delinquency.

COMPLAINT– 5

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3400 423 tj051204

24.     As a signatory employer to the Agreement, Bigfoot agreed to the terms of the (i) Seattle Area Plumbing and Pipefitting Industry Health and Welfare Trust; (ii) Seattle Area Plumbing & Pipefitting Industry Journeymen and Apprentice Training Trust; (iii) Western Washington U.A. Supplemental Pension Plan; (iv) Washington State Plumbing & Pipefitting Industry Pension Plan; (v) Plumbers & Pipefitters International Training Fund; and (vi) Plumbers & Pipefitters National Pension Fund.

25.     Bigfoot's obligations to the Seattle Area Health and Welfare Trust are set forth in Article IX, Sections 2 – 6 of the *Trust Agreement Governing the Seattle Health & Welfare Trust Fund*, dated September 22, 1995.  Under the Seattle Area Health and Welfare Trust, Bigfoot agreed to, among other things:

- Submit all contributions by the due date specified in the underlying collective bargaining agreement or special agreement;
- Payment of liquidated damages of ten percent (10%) of the amount of contributions which are owed or one-hundred dollars ($100.00), whichever is greater, if suit is filed, liquidated damages in the amount of twenty percent (20%) of the contributions owed, with interest on delinquent contributions at twelve percent (12%) per annum from the date due until paid; and
- Payment of the reasonable attorney fees (with a minimum of $100.00), audit costs, and costs of collection.

26.     Bigfoot's obligations to the Training Trust are set forth in Article IX, Sections 1 – 6 of the *Trust Agreement Governing the Seattle Area Plumbing and Pipefitting Industry Journeymen and Apprenticeship Training Trust*, effective April 28, 1986.  Under the Training Trust, Bigfoot agreed to among other things:

- Submit all contributions by the due date specified in the underlying collective bargaining agreement or special agreement;
- Payment of liquidated damages of twenty percent (20%) of the amount of contributions which are owed or fifty dollars ($50.00), whichever is greater;

COMPLAINT– 6

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3400 423 tj051204

- ▪ Interest at twelve percent (12%) per annum on delinquent contributions from the due date until paid; and
- ▪ Payment for reasonable attorney fees (with a minimum of $25.00), audit costs and all reasonable costs of collection.

27.     Bigfoot's obligations to the Western Washington U.A. Supplemental Pension Plan are set forth on Article IX, Sections 2 – 6 of the *Trust Agreement Governing the Western Washington U.A. Supplemental Pension Trust*, dated November 18, 1997.  Under the U.A. Supplemental Pension Plan, Bigfoot agreed to, among other things:

- ▪ Submit all contributions by the due date specified in the underlying collective bargaining agreement or special agreement;
- ▪ Payment of liquidated damages of ten percent (10%) of the amount of contributions which are owed or one-hundred dollars ($100.00), whichever is greater, if suit is filed, liquidated damages in the amount of twenty percent (20%) of the contributions owed, with interest on delinquent contributions at twelve percent (12%) per annum from the date due until paid; and
- ▪ Payment of reasonable attorney fees (with a minimum of $100.00), audit costs, and all reasonable costs of collection.

28.     Bigfoots's obligations to the Washington State Plumbing & Pipefitting Industry Pension Plan are set forth in Article IV, Sections c – e of the *Revised Trust Agreement for the Washington State Plumbing and Pipefitting Industry Pension Plan*, effective as of December 31, 1961, restated as of September 18, 2012.  Under the Washington State Plumbing and Pipefitting Industry Pension Plan, Bigfoot agreed to, among other things:

- ▪ Submit all contributions by the due date in the collective bargaining agreement or the twentieth day of the following month in which hours are worked;
- ▪ Payment of liquidated damages of twenty (20%) percent of the contributions not paid when due;
- ▪ Payment of interest at the maximum rate allowed by law; and
- ▪ Payment of reasonable attorneys' fees, costs of payroll audits and all other expenses incurred in connection with delinquency.

COMPLAINT– 7

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3400 423 tj051204

29.     Bigfoot's obligations to the International Training Fund are set forth in Article VI, Section 6 of the *Restated Trust Agreement of the International Training Fund*, dated December 2, 2014.  Under the ITF, Bigfoot agreed to among other things:

- Submit its payments and reporting forms by the fifteenth (15th) day following the end of each calendar month;
- Payment of liquidated damages of twenty percent (20%) of the amount due, plus interest from the due date to the date of payment at a rate of twelve percent (12%) per annum; or double interest as provided in ERISA; and
- Payment of reasonable attorney fees and costs of collection.

30.     Bigfoot's obligations to the National Pension Fund are set forth in Article VI, Section 5 of the *Restated Agreement and Declaration of Trust of the Plumbers and Pipefitters National Pension Fund*, incorporating Amendments through May 16, 2001.  Under the NPF, Bigfoot agreed to among other things:

- Submit its payments and reporting forms by the twentieth (20th) day following the end of each calendar month, or if earlier, on the date provided for in the Collective Bargaining Agreement;
- Payment of liquidated damages of ten percent (10%) of the amount due, plus interest from the due date to the date of payment at a rate of eighteen percent (18%) per annum; and
- Payment of reasonable attorney fees, accountant fees, court costs.

31.     Following execution of the Compliance Agreement, Bigfoot hired workers and performed work subject to the scope of the Agreement but failed to comply with the monthly reporting and payment of contributions to the plaintiff Trust Funds.

32.     Bigfoot has failed to timely report and pay its contributions to the Trust Funds.

33.     Despite demand, Bigfoot has failed and/or refused to report and pay its contributions to the Trust Funds for the period of August 2018 through current.

34.     As of the date of this complaint, Bigfoot owes the Trust Funds an unknown

COMPLAINT– 8

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3400 423 tj051204

amount in employee benefit contributions for the delinquent months of August 2018 through current.

35.     As pf the date of this complaint, Bigfoot owes the Trust Funds an unknown amount of liquidated damages, prejudgment interest, attorney fees and costs of collection for the delinquent months of August 2018 through current. The total amount will be proven on motions or at trial.

### III. CAUSES OF ACTION

**First Cause of Action**
**(Breach of Collective Bargaining Agreement/Trust Agreement)**

36.     The Trust Funds re-allege the facts set forth in paragraphs 1 through 35 above as if stated fully herein, and further allege as follows:

37.     Bigfoot's failure to properly report and pay fringe benefit contributions constitutes breach of the terms of the Agreement executed by Bigfoot, to which the Trust Funds are beneficiaries.   Bigfoot's failure to properly report and pay fringe benefit contributions constitutes breaches of the Trust Agreements, the terms of which Bigfoot agreed to when it signed the Agreement.

38.     Bigfoot's failure to report and pay fringe benefit contributions constitutes a violation of §502 and §515 ERISA, codified at 29 U.S.C. §1132 and §1145.

39.     As a result of Bigfoot's breach, the Trust Funds have been damaged in an unknown amount plus liquidated damages, additional prejudgment interest, attorney fees and costs of collection for the delinquent period of August 2018 through current.   The total amounts due will be proven on motions or at trial.

COMPLAINT– 9

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3400 423 tj051204

40.     Under the terms of the Agreement, the Trust Agreements and ERISA section 502(g)(2), Bigfoot is obligated to pay liquidated damages, interest, reasonable attorney's fees, and costs and expenses of suit.

### Second Cause of Action
### (Breach of Fiduciary Duty under ERISA)

41.     The Trust Funds re-allege the facts set forth in paragraphs 1 through 40 above as if stated fully herein, and further allege as follows:

42.     Defendant Dayton Matthew Dennison is responsible for the reporting and payment of fringe benefit contributions to the Seattle Area Plumbing & Pipefitting Trust Funds.

43.     Defendant Dayton Matthew Dennison, for purposes of ERISA, is a fiduciary of trust fund assets, because he exerted control over *employee* deductions when he withheld money from his employees' paychecks for payment to the Seattle Area Plumbing & Pipefitting Trust Funds, but failed to remit those amounts.

44.     The definition of "plan assets" includes "amounts that a participant has withheld from his wages by an employer, for contribution to the plan, as of the earliest date on which such contributions can be reasonably segregated from the employer's general assets." 29 CFR §2510.3-102.

45.     Defendant Dayton Matthew Dennison failed to turn over trust fund assets, consisting of employees' vacation pay and any employee 401k withholding to the Trust Funds.

46.     Defendant Dayton Matthew Dennison's failure to remit trust fund assets is a

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3400 423 tj051204

1   breach of fiduciary duty under ERISA, and has damaged Trust Funds in an unknown amount

2   to be determined at trial, plus prejudgment interest, liquidated damages, costs and attorney

3   fees.

4        47.     Defendant Dayton Matthew Dennison, and the marital community, are jointly

5   and severally liable with Bigfoot for all amounts withheld from Bigfoot's employees'

6   paychecks and not remitted to the Trust Funds.

7   **Third Cause of Action**
**(Personal Liability for Conversion of Vacation Contributions and Assessment Fund)**

8

9        48.     The Trust Funds re-allege the facts set forth in paragraphs 1 through 47 above

10  as if stated fully herein, and further allege as follows:

11       49.     Pursuant to the terms of the Agreement, vacation, assessment check off, and

12  dues check off contributions are withheld from the employees' paychecks.

13       50.     Pursuant to the terms of the Agreement, Bigfoot is required to remit the

14  withheld vacation, assessment check off, and dues check off contributions to the Trust Funds.

15       51.     Defendant Dayton Matthew Dennison is President of Bigfoot for the relevant

16  period of September 2018 through current.

17       52.     Defendants Dayton Matthew Dennison, the marital community, and Bigfoot

18  interfered with the Trust Funds' possession of the employees' vacation, assessment check off,

19  and dues check off when they failed to remit those withheld funds to the Trust Funds.

20       53.     Defendants Dayton Matthew Dennison and Bigfoot intentionally interfered

21  with the Trust Funds' possession of the employees' vacation, assessment check off, and dues

22  check off by refusing to remit them to the Trust Funds to date.

COMPLAINT– 11

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3400 423 tj051204

54.     As a result of Dayton Matthew Dennison's and Bigfoot's refusal to remit Bigfoot's employees' vacation, assessment check off, and dues check off withheld from employees' paychecks, the Trust Funds have suffered a loss in an unknown amount to be determined at trial, plus pre and post-judgment interest, liquidated damages, costs and attorney fees.

55.     Defendant Dayton Matthew Dennison and the marital community, are personally, and jointly and severally liable for conversion of vacation, assessment check off, and dues check off contributions owed to the Trust Funds in an amount to be determined at trial, plus pre and post-judgment interest, liquidated damages, costs and attorney fees.

**Fourth Cause of Action**
**(Conversion of Wages)**

56.     The Trust Funds re-allege the facts set forth in paragraphs 1 through 55 above as if stated fully herein, and further allege as follows:

57.     Beginning September 2018 through current, Bigfoot and Dayton Matthew Dennison knowingly took possession of the vacation, assessment check off, and dues check off contributions withheld from the paychecks of Bigfoot's employees.

58.     Dayton Matthew Dennison, and the marital community, are personally and jointly and severally liable for conversion of wages withheld from Bigfoot's employees' paychecks in an amount to be determined at trial, plus pre and post-judgment interest, liquidated damages, costs and attorney fees.

59.     Dayton Matthew Dennison, the marital community, and Bigfoot are jointly and severally liable for conversion of wages withheld from Bigfoot's employees' paychecks in an

COMPLAINT– 12

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3400 423 tj051204

1    amount to be determined at trial.

2                           **Fifth Cause of Action**
                             **(Unjust Enrichment)**
3

4        60.    The Trust Funds re-allege the facts set forth in paragraphs 1 through 59 above

5    as if stated fully herein, and further allege as follows:

6        61.    By receiving the withheld wages from Bigfoot's employees' paychecks,

7    Dayton Matthew Dennison, the marital community, and Bigfoot obtained a benefit from the

8    Trust Funds and from Bigfoot's employees.

9        62.    Dayton Matthew Dennison, the marital community, and Bigfoot had

10   knowledge of this benefit.

11       63.    Dayton Matthew Dennison, the marital community, and Bigfoot knew or

12   should have known that he was not the intended recipient of the withheld vacation,

13   assessment check off, and dues check off contributions and that said benefits should have

14   been remitted to the Trust Funds for payment to the intended recipients.

15       64.    The acceptance and retention by Bigfoot and Dayton Matthew Dennison, and

16   the marital community, of the benefit under such circumstances was such that it was

17   inequitable for Bigfoot and Dayton Matthew Dennison, and the marital community, to retain

18   the benefit and Bigfoot and/or Dayton Matthew Dennison, and the marital community have

19   been unjustly enriched.

20       65.    Dayton Matthew Dennison, and the marital community are personally and

21   jointly and severally liable to the Trust Funds for unjust enrichment in an amount to be

22   determined at trial.

COMPLAINT– 13

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3400 423 tj051204

## IV. PRAYER FOR RELIEF

The Plaintiffs Seattle Area Plumbing and Pipefitting Trust Funds respectfully request the Court grant the following:

A.   Judgment against Bigfoot Plumbing, LLC, in an amount to be determined at trial or motion, for past-due and delinquent fringe benefit and other contributions owed by Bigfoot Plumbing, LLC through the date of judgment pursuant to the terms of the labor and trust agreements to which Bigfoot Plumbing, LLC is a party;

B.   Judgment against Bigfoot Plumbing, LLC, in an amount to be determined at trial representing liquidated damages, interest, and costs of collection owed by Bigfoot Plumbing, LLC through the date of judgment pursuant to the terms of the labor and trust agreements to which Bigfoot Plumbing, LLC is a party;

C.   Judgment against Dayton Matthew Dennison, and the marital community, in a joint and several amount to be determined at trial or on motion, representing vacation, assessment check off, and dues check off contributions deducted from employee paychecks and not remitted to the Trust Funds, plus liquidated damages, interest, and attorney fees and costs of collection through the date of judgment;

D.   An award of attorney fees, plus costs of collection, as authorized by the labor and trust agreements to which Bigfoot Plumbing, LLC is a party, and as authorized under ERISA; and

E.   Any other such relief under federal law or as is just and equitable.

DATED this 10th day of October, 2018.

              /s/ Noelle E. Dwarzski
              Noelle E. Dwarzski, WSBA #40041
              McKENZIE ROTHWELL BARLOW
                & COUGHRAN, P.S.
              Attorneys for Plaintiff Trust Funds

COMPLAINT– 14

McKENZIE ROTHWELL BARLOW
& COUGHRAN, P.S.
1325 FOURTH AVE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3400 423 tj051204